[Crim. No. 8725. Second Dist., Div. Two. Sept. 16, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JEREMIAH WILLIAMSON MOORE, Defendant and Appellant.

Jeremiah Williamson Moore, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

ASHBURN, J.—Appellant was originally charged with 11 counts of violation of Health and Safety Code section 11170, subdivision (1), in that he 'did willfully, unlawfully and feloniously obtain and attempt to obtain a narcotic, to wit, morphine, by fraud, deceit, misrepresentation and subterfuge''; also charged with seven counts of violation of Health and Safety Code section 11170, subdivision (2), in that he ''did willfully, unlawfully and feloniously make a false statement in a prescription and order and report and record required by division 10 of the Health and Safety Code.'' Appellant was also charged with a prior conviction of abortion (a felony). Jury trial was waived.

Count I charged violation of section 11170, subdivision (1), of the Health and Safety Code in the language above quoted, but it was stipulated and ordered at the trial that Count I be amended by adding thereto the words, ''and did then and there issue a prescription that was false and fictitious,'' thus pleading a violation of section 11165, Health and Safety Code.[1] It was further stipulated that said section 11165 describes a lesser offense and one necessarily included in the one charged in Count I. Defendant was duly arraigned and pleaded not guilty to said count as amended. The court found him guilty upon that charge.

At the time set for hearing on motion for a new trial, for matter of probation and for sentencing, a new trial and probation were denied, all other counts of the information were dismissed and defendant sentenced to pay a fine of $500, plus penalty assessment, or to serve one day in the county jail for each $5.00 of the fine unpaid. Defendant appeals from the judgment and sentence and from the order denying

---

[1]Health and Safety Code section 11165: ''No person shall issue a prescription that is false or fictitious in any respect.''

new trial. He claims insufficiency of the evidence to support the conviction.

 The case was submitted upon the preliminary transcript plus an additional stipulation "that the defendant on or about April 11, 1961, in the County of Los Angeles, did obtain a narcotic, to-wit, 12 tablets, containing morphine, and said 12 tablets were obtained by the defendant's representation that said 12 tablets were for the use of Arthur Mayweather; that said 12 tablets were not administered or dis*p*ursed or delivered to Arthur Mayweather, and said 12 tablets were never for the use of Arthur Mayweather." This narcotic was obtained upon a prescription made by defendant and bearing Mayweather's name, as is shown by the preliminary transcript. When the facts contained in the above quoted stipulation are added to the fact of defendant's issuance of the Mayweather prescription a complete case appears. In *People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778], the court said: "If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury."

 The order denying new trial was made after the 1961 amendment to section 1237, Penal Code, and hence is not appealable; the attempted appeal therefrom is dismissed.

The judgment and sentence are one. (*People* v. *Sweeney*, 55 Cal.2d 27, 33 [9 Cal.Rptr. 793, 357 P.2d 1049], footnote 1.)

Judgment affirmed.

Fox, P. J., and Herndon, J., concurred.